IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOUNOUS CHEKKOURI,<br><br>    Petitioner,<br><br>  v.<br><br>BARACK OBAMA,<br>President of the United States, *et al.*,<br><br>    Respondents. | Civil Action No. 05-329 (UNA) |

**MOTION TO DISCLOSE RESPONDENTS' *EX PARTE* FILING**

Given the compounding levels of protection by which information contained in this litigation is protected—Petitioner Counsel's security clearance and the Protective Order—as well as Petitioner's existing knowledge of the non-classified diplomatic assurances at issue, Respondents' December 10th submission filed *ex parte* was inappropriate and should be disclosed to Petitioner as a sealed filing.

*Ex parte* submissions are historically disfavored, *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995), and are permitted on a limited discretionary basis in cases where parties are not bound to secrecy. *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1386 (D.C. Cir. 1979) (upholding an assertion of FOIA Exemption 3 made only *in camera* and *ex parte*, specifically citing counsel's "lack [of] security clearance" and the nature of FOIA as intended for public disclosure).

This Court has "inherent discretionary power" to allow opposing counsel access to *ex parte* and *in camera* proceedings where it deems appropriate—such as where counsel holds a valid security clearance or disclosure of proceedings is somehow limited. *Hayden*, 608 F.2d at

1386 (finding that courts have discretionary power "to allow [*in camera*] access where appropriate" and cautioning against allowing such access to "counsel who lack security clearance"); *see United States v. American Tel. & Tel. Co.*, 567 F.2d 121, 134 (D.C. Cir. 1977) (explicitly giving the district court the authority to permit the participation of opposing counsel in *in camera* proceedings given his "security clearance" and that he may be "precluded from consultation with his client on the matters involved").

As pointed out in their Opposition,[1] Respondents' statements in this litigation are already uniquely protected from disclosure under Paragraph 34 the Protective Order, ECF No. 107, specifically limiting disclosure of information to the public and to Petitioner Counsel's own client. This same Protective Order, by its terms, does not *enhance* Respondents' authority to file submissions *ex parte*, but declines to "prohibit" standard use of *ex parte* procedures.[2]

With standard *ex parte* submissions of *classified* information—which the diplomatic assurances at issue are not—this Court retains the discretion to compel their disclosure to properly cleared counsel where the information is "relevant and material" to petitioner's habeas case. *Khaled A.F. Al Odah v. United States*, 559 F.3d 539, 545 (D.C. Cir. 2009) ("The district court may compel disclosure of classified information [once it determines] that the information is both relevant and material—in the sense that it is at least helpful to the petitioner's habeas case.") Here, information pertaining to the diplomatic assurances exchanged between Respondents and the Moroccan Government is inarguably "at least helpful" in remedying Mr. Chekkouri's

---

[1] Respondents' Opposition to Petitioner's Motion for Jurisdictional Discovery and Memorandum of Law on Mootness, and Cross-Motion to Dismiss, ECF No. 404-1 at 16, n. 8.
[2] "[N]othing herein prohibits the government from submitting protected information to the Court *in camera* or *ex parte* in these proceedings." Protective Order, ECF No. 107 at Paragraph 49(c).

fourteen-year, ongoing detention without charge, as Petitioner's un-rebutted evidence in previous filings has asserted.[3]

Given the circumstances, where Petitioner is thrice bound to silence through Protective Order, security clearance, and the seal of this Court; where Petitioner has already received information regarding the diplomatic assurances at issue; and where those assurances are not classified, an *ex parte* filing presents an entirely unnecessary fourth level of secrecy that serves no legitimate legal purpose. Petitioner reiterates that Respondents should be working in an open and cooperative manner to correct a manifest injustice, not expending resources trying to deprive counsel of critical information.  As such, Petitioner respectfully moves this Court to compel disclosure of Respondents' December 10th *ex parte* filing.

Date:  December 17, 2015

    /s/ Cori Crider
**REPRIEVE**
Cori Crider (*pro hac vice*)
 Joseph Pace (*pro hac vice*)
Clive Stafford Smith (*pro hac vice*)
P.O. Box 72054
London EC3P 3BZ
United Kingdom
011 44 207 553 8140
*cori@reprieve.org.uk*
*joe.pace@reprieve.org*
*clive.stafford.smith@reprieve.org.uk*

    /s/ Eric Lewis
**LEWIS BAACH PLLC**
Eric L. Lewis (D.C. Bar #394643)
1899 Pennsylvania Avenue, NW,
Suite 600
Washington, DC 20006
(202) 833-8900
*eric.lewis@lewisbaach.com*

*Counsel for Younous Chekkouri*

---

[3] Petitioner's Opposition, ECF No. 403-2.