IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOUNOUS CHEKKOURI (ISN 197), | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Civil Action No. 05-329 (UNA) |
| BARACK OBAMA, President of the United States, *et al.*, | ) ) ) ) |
| Respondents. | ) ) ) |

**RESPONDENTS' OPPOSITION TO
PETITIONER'S MOTION TO DISCLOSE *EX PARTE* FILING**

**PRELIMINARY STATEMENT**

Respondents voluntarily submitted an *ex parte*, *in camera* Supplemental Notice to the Court under seal on December 10, 2015, in an effort to provide the Court with as much information regarding Petitioner's situation as was consistent with the Government's interests. *See* ECF No. 406. The *ex parte*, *in camera* submission of this information is proper under the Protective Order, ECF No. 107. Any further dissemination of this confidential information, including to Petitioner's counsel, would be harmful to the interests of the United States; and Petitioner has no entitlement to it. Thus, Petitioner's motion to compel the disclosure of this Supplemental Notice to Petitioner's counsel, ECF No. 407 ("Pet'r's Mot."), should be denied.

**ARGUMENT**

**I.    *Ex Parte* Submissions Are Appropriate to Protect Sensitive Information.**

Courts have recognized a variety of situations in which a party can properly submit a filing *ex parte*, for a court's review without providing it to the opposing party, generally to protect sensitive information. *See, e.g.*, *Clifford v. United States*, 136 F.3d 144, 149 (D.C. Cir.

1998) ("[N]ot all ex parte communications must be disclosed, particularly when there is a countervailing need for confidentiality."). Indeed, in certain circumstances, *ex parte* review may be essential to properly resolving an issue. *Id*.

This Court and the Court of Appeals also have recognized the need for *ex parte* submissions in this Guantanamo Bay habeas litigation. The Protective Order, for example, contemplates that Respondents will be able to make *ex parte* submissions of both classified and sensitive-but-unclassified materials to the Court. *See* ECF No. 107 ¶¶ 48.b, 49c. ("[N]othing herein prohibits the government from submitting protected information to the Court *in camera* or *ex parte* in these proceedings or entitles petitioners or petitioners' counsel access to such submissions or information."). Although not directly relevant here, the Case Management Order ("CMO") also provides that, when Respondents are otherwise required to provide classified information in the habeas litigation, they may submit the information *ex parte* and *in camera* to the Court for a determination as to whether that information must actually be disclosed. *See* CMO ¶ I.F. (ECF Nos. 130, 148, 212) ("If the government objects to providing the petitioner's counsel with the classified information on the basis that, in the interest of national security, the information should not be disclosed, the government shall move for an exception to disclosure and provide the information to the Merits Judge in camera."); *Alsawam v. Obama*, 942 F. Supp. 2d 6, 11-12 (D.D.C. 2013) ("There is nothing in the CMO precluding the filing of a motion for exception to disclosure *ex parte*."); *Khairkhwa v. Obama*, 793 F. Supp. 2d 1, 9 (D.D.C. 2011) (noting that the court had previously denied a motion "seeking access to the government's ex parte filings" because "§ I.F of the CMO contemplates ex parte applications for exceptions from disclosure.").

Indeed, several years ago in this case, the Court not only allowed but required Respondents to file sensitive-but-unclassified information *ex parte*. Order, ECF No. 202 (July 2, 2009) ("[R]espondents shall file with the Court *ex parte* and under seal a report detailing the current status of the Guantanamo Review Task Force."). It is therefore well-established that Respondents may, in appropriate instances, provide sensitive information *ex parte* and *in camera* to the Court consistent with the Protective Order and Case Management Order and without being required to disclose that information to Petitioner's counsel.

**II.    Government Interests Require that the Supplemental Notice Not Be Further Distributed.**

Respondents have designated the information in the *ex parte* Supplemental Notice as protected under Paragraph 34 of the Protective Order, a designation that Petitioner does not challenge. *See* Pet'r's Mot. at 1, 3. Normally, the Protective Order provides for the disclosure of protected information to Petitioner's counsel. *See* ECF No. 107. ¶¶ 34-35. As already noted, however, the Protective Order also provides that such protected information may be provided to the Court without disclosure to Petitioner's counsel in appropriate instances. *Id*. ¶ 49.c.

This is such an instance. The information in the Supplemental Notice is only being shared with the Court in the circumstances and under the conditions discussed in the *ex parte* filing. As explained in the filing, significant Government interests would be harmed if this Supplemental Notice or the information it contains were further disclosed, including to Petitioner's counsel.[1]

---

[1] Petitioner suggests that his counsel have already received information regarding diplomatic communications between the United States and Morocco about him and therefore are entitled to the *ex parte* filing. *See* Pet'r's Mot. at 1, 3. But, of course, not all confidential information

For the similar reasons, compelling the disclosure of this information to Petitioner's counsel, in essence, would improperly punish Respondents for a voluntary disclosure of information to the Court.  The Supplemental Notice was not submitted in response to any order; Respondents were not required to provide the Court with the information it contains.  Indeed, as argued at length in previous filings, Respondents maintain that this case is moot and should be dismissed.  *See, e.g.*, ECF Nos. 399, 405.  The Court nonetheless has suggested a desire for further information about Petitioner's situation, and Respondents have provided such information to the degree consistent with the United States' interests.  In the current circumstances of the case, however, the only way both to provide information to the Court and protect those interests was to provide that information *ex parte* and *in camera*.[2]  Respondents should not be punished for attempting to provide the Court with relevant information.  And if the Court were to order the disclosure of the Supplement Filing to Petitioner's counsel, Respondents could not be assured that the confidentiality of any future *ex parte* filings would be maintained, which would disincentivize such voluntary filings.

---

raises the same confidentiality equities:  even if the Government were able to provide certain information to a petitioner's counsel without undermining relevant confidentiality interests, other information may still need to be protected.  And, it is the Government, not Petitioner's counsel, that has the knowledge and expertise necessary to make such distinctions.

[2]  At least until very recently, Petitioner seemed to recognize that the only way Respondents may be able to provide information about Petitioner's situation to the Court might be to do so *ex parte* and *in camera*.  *Cf.* Pet'r's Mem. of Law and Mot. for Discovery, ECF No. 403-1, at 5 (with regard to requested discovery, Petitioner states, "At the very least, this Court should examine this evidence in camera.").

**III.     The Supplemental Notice Is Not Material to the Legality of Petitioner's Detention, and Thus Petitioner Has No Entitlement to It.**

Petitioner's counsel have no entitlement to the Supplemental Notice because it is irrelevant to the legality of Petitioner's detention by the United States, a matter which, in all events, is moot.  Petitioner argues that the Supplemental Notice should be provided to his counsel under the standard set by the Court of Appeals in *Al Odah v. United States*, 559 F.3d 539 (D.C. Cir. 2009).  *See* Pet'r's Mot. at 2-3.  But *Al Odah*'s rationale plainly directs that Petitioner's counsel has no right to the Supplemental Notice here.  *Al Odah* held that in considering a request for access by a petitioner's counsel to information shared only with the court, the court should consider whether "counsel's access to it is necessary to facilitate meaningful review" of the legality of the petitioner's detention by the United States.  559 F.3d at 548; *see also id.* at 545.  The threshold question under *Al Odah* is whether that information "is both relevant *and material*—in the sense that it is at least helpful to the petitioner's habeas case": if information is not material and relevant to the legality of a petitioner's detention, petitioner's counsel would not need it to facilitate meaningful review of that detention.  *Id*. at 544.

Clearly, the information in the Supplemental Notice does not satisfy the *Al Odah* threshold.  It has utterly no bearing on legality of Petitioner's prior detention by the United States and thus cannot be helpful to his habeas case, a matter over which the Court lacks jurisdiction regardless now that Petitioner has been transferred to the custody and control of the Government of Morocco.  *See Gul v. Obama*, 652 F.3d 12, 18 (D.C. Cir. 2012); *see* Resp'ts' Cross-Motion to Dismiss (public version), ECF No. 404-1.

Petitioner argues that *Al Odah* nonetheless applies because, Petitioner speculates, the Supplemental Notice would allow him to convince the Government of Morocco to release him, and is thus "helpful" to him.[3]  Pet'r's Mot. at 2-3.  *Al Odah*, however, does not address information potentially "helpful" to a petitioner in any way—only information that is necessary for the petitioner to receive meaningful review of his detention by the United States.

Accordingly, Petitioner has no entitlement to Respondents' *ex parte* filing.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Disclose Respondents' *Ex Parte* Filing, ECF No. 407, should be denied.

---

[3] Petitioner's theory for how the Supplemental Notice would help him is incoherent.  Petitioner suggests that he intends to provide the Supplemental Notice or the information it contains to the Moroccan courts to challenge his detention there.  *See* Pet'r's Mot. at 2-3.  Yet Petitioner does not challenge Respondents' designation of the Supplemental Notice as protected and specifically requests that the Supplemental Notice be provided to his counsel under seal.  Pet'r's Mot. at 1.  Thus, even if Petitioner's Motion were granted, the Protective Order would prohibit his counsel from publicly releasing the Supplemental Notice, including to the Moroccan government or Moroccan courts.  *See* Protective Order, ECF No. 107, ¶ 35 ("Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following: a. petitioners' counsel, . . . and b. the Court and its support personnel.").  As such, even if Petitioner's Motion were granted, the Supplemental Notice would have no permissible use for him.

Date:  December 29, 2015               Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOSEPH H. HUNT
Director

TERRY M. HENRY
Assistant Branch Director

*/s/ Timothy A. Johnson*
RODNEY PATTON
TIMOTHY A. JOHNSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel:  (202) 514-1359
Fax:  (202) 616-8470
timothy.johnson4@usdoj.gov

*Counsel for Respondents*