IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOUNOUS CHEKKOURI, | ) )  ) |
| Petitioner, | ) ) |
| v. | )   Civil Action No. 05-329 (UNA) ) |
| BARACK OBAMA,<br>President of the United States, *et al.*, | ) ) ) |
| Respondents. | ) ) ) |

### REPLY IN FURTHER SUPPPORT OF PETITIONER'S MOTION TO DISCLOSE *EX PARTE* FILING

This matter is of particular urgency given that Petitioner's next hearing before the Moroccan magistrate judge is January 6, 2016. Petitioner's counsel need to know the content of the diplomatic assurances in order best to advocate for their client's release.

The law on *ex parte* filings is clear: they are permitted "only in the rarest of circumstances," *United States v. Libby*, 429 F. Supp. 2d 18, 21 (D.D.C. 2006), and only where the Government has articulated a "counterveiling need for confidentiality." *Clifford v. United States*, 136 F.3d 144, 149 (1998); *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (1986) ("Exceptions to the main rule [against *ex parte* filings] are both few and tightly contained."). Respondents have failed to articulate any reason why disclosing the contents of the *ex parte* filing to Petitioner's counsel – who are security cleared, bound by the Protective Order, and already entrusted with protected information about the diplomatic assurances – would jeopardize any governmental interest. Indeed, when asked, the Government suggested only that it would lose credibility with Morocco if it made disclosure, a ludicrous contention given the circumstances.

1

This Court has repeatedly recognized that the Government bears a high burden of justifying *ex parte* filings on secrecy grounds when the opposing side has security clearances. *See, e.g., United States v. Libby*, 429 F. Supp. 2d 18, 23 (D.D.C. 2006) (citing cases) ("there are fewer threats to national security in disclosing classified documents to a defendant and his attorney who have obtained security clearances"). Thus, where the Government has sought to conceal classified information in an *ex parte* filing from an attorney with a security clearance, the Court has required a detailed submission that must include:

> [A] declaration or affidavit, executed by an intelligence community official with the requisite classification review authority, which (1) describes the reasons for the classification of the information at issue, (2) sets forth the potential harm to national security that could result from its disclosure, and (3) explains why the defense, based upon appropriate classification guidelines, does not have a "need-to-know the information" in its unaltered form. This showing must detail why the classified documents the government is producing *ex parte* are of a nature and quality distinguishable from the classified documents already produced to the defendant.

*Libby*, 429 F. Supp. 2d at 25. *A fortiori*, the presumption against *ex parte* submissions is more stringent – and the Government's burden higher – where, as here, the information being hidden from security-cleared counsel is not classified, but merely designated protected. Respondents have not even attempted to meet this burden.

Respondents' assertion that Petitioner's counsel is not entitled to the Supplemental Notice in any event because it is not "material" is also baseless. Respondents rely on language from *Odah v. United States*, 559 F.3d 539 (D.C. Cir. 2009), requiring that a petitioner seeking discovery of classified information show that the information is "relevant and material" to the lawfulness of the petitioner's detention. *Id.* at 548. But *Odah* made clear that the materiality requirement only applies where petitioner seeks discovery of *classified* information. That requirement does not extend to requests to review protected information in an *ex parte* filing.

2

*See id.,* at 547 ("although a finding of materiality is a prerequisite to ordering disclosure of classified information, it is not a prerequisite to ordering disclosure of an unclassified substitution"). Furthermore, Petitioner has repeatedly explained why understanding the nature and scope of the diplomatic assurances is relevant and material to Mr. Chekkouri's defense, as well as the ongoing dispute as to whether Respondents' secured Mr. Chekkouri's consent to transfer to Morocco through misrepresentation or acted improperly in an attempt to divest this Court of jurisdiction.[1]

The contents of the diplomatic assurances are relevant and material whether or not Petitioner's counsel is able to publicly disclose them. Indeed, there are numerous possible ways in which having a more granular understanding of the assurances could help Petitioner's counsel devise more effective means of advocating on his behalf, without actually revealing any additional details about the assurances. For example, Petitioner's counsel has repeatedly asserted to Moroccan authorities and press outlets that there was an unambiguous promise not to prosecute Mr. Chekkouri or detain him for more than 72 hours. If the actual assurances reflect a different understanding, Petitioner's counsel need to know so that they can cease making representations that undermine their credibility with the Moroccan authorities who *do* know the contents of the assurances. There are surely other ways that cannot be foreseen without examining the contents of the *ex parte* filing. The assurances are central to the current dilemma and Petitioners should not have to speculate in a vacuum as to how their content would be utilized to secure Mr. Chekkouri's purportedly promised freedom. Furthermore, if the assurances differ from what was conveyed to Petitioner prior to his repatriation, that would be

---

[1] Pet'r's Reply to Res'ts' Opposition to Pet'r's Motion for Jurisdictional Discovery and Cross-Motion to Dismiss, ECF No. 403-2; Pet'r's Supp. Memo., ECF No. 402.

relevant and material to the ongoing dispute about whether Respondents improperly secured his consent and deprived this Court of jurisdiction – matters which could be litigated without ever disclosing the contents of the *ex parte* filing to the public.

For the foregoing reasons, and in light of Petitioner's imminent hearing in Morocco, Petitioner's counsel request immediate disclosure of the contents of the *ex parte* communication.

Date:  January 5, 2016                                             Respectfully submitted,

    /s/ Joseph A. Pace
**REPRIEVE**
Joseph Pace (*pro hac vice*)
Cori Crider (*pro hac vice*)
Clive Stafford Smith (*pro hac vice*)
P.O. Box 72054
London EC3P 3BZ
United Kingdom
011 44 207 553 8140
*joe.pace@reprieve.org*
*cori@reprieve.org.uk*
*clive.stafford.smith@reprieve.org.uk*


    /s/ Eric Lewis
**LEWIS BAACH PLLC**
Eric L. Lewis (D.C. Bar #394643)
1899 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20006
(202) 833-8900
*eric.lewis@lewisbaach.com*
*elizabeth.marvin@lewisbaach.com*

*Counsel for Younous Chekkouri*