UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
YOUNOUS CHEKKOURI,                  )
                                    )
       Petitioner,                 )
                                    )
   v.                               )   Civil Action No. 05-0329 (PLF)
                                    )
BARACK H. OBAMA, et al.,            )
                                    )
       Respondents.                )
_____ )


MEMORANDUM OPINION AND ORDER

        On September 17, 2015, the government notified the Court that it had released petitioner Younous Chekkouri and transferred him to the control of the Government of Morocco. Since that time, petitioner has been detained in Morocco pending a decision by Moroccan authorities on whether to file charges against petitioner. On December 10, 2015, the government submitted an ex parte, in camera Supplemental Notice, which it also has designated as protected information under the Protective Order in this case [Dkt. No. 107]. Petitioner has objected to this submission as improper and has filed a motion seeking limited disclosure of this filing to his counsel, which the government opposes. After careful consideration of the parties' papers and the relevant legal authorities, the Court grants petitioner's motion for disclosure of the government's ex parte filing.

        Ex parte submissions "generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." U.S. v. Microsoft Corp., 56 F.3d

1448, (D.C. Cir. 1995) (quoting In re Paradyne Corp., 803 F.2d 604, 612 (11th Cir. 1986)). Exceptions to this general rule "are both few and tightly contained." Abourezk v. Reagan, 785 F.2d 1043, 1061 (D.C. Cir. 1986); see also United States v. Libby, 429 F. Supp. 2d 18, 21 (D.D.C. 2006) ("[C]ourts routinely express their disfavor with ex parte proceedings and permits such proceedings only in the rarest of circumstances."). These include circumstances where: (1) materials are submitted for inspection to the Court because a party seeks to prevent their use in litigation; (2) the government has made "a demonstration of compelling national security concerns"; or (3) such ex parte review is specifically contemplated by statute. Abourezk v. Reagan, 785 F.2d at 1061; see also Clifford v. United States, 136 F.3d 144, 149 (D.C. Cir. 1998) ("[N]ot all ex parte communications must be disclosed, particularly when there is a countervailing need for confidentiality.").

The government asserts that disclosure of its ex parte submission, although unclassified, would harm "significant Government interests" and that the submission therefore falls within the second exception described in Abourezk. Opp. at 3. Although the Court appreciates that the filing was voluntary and intended to provide the Court with as much information as possible, it is unpersuaded that the government's need for confidentiality in this instance outweighs the strong presumption against ex parte submissions.[1] The government has not demonstrated a "compelling national security concern" sufficient to justify protecting the information from limited disclosure to petitioner's counsel. As the government has recognized, see Opp. at 6 n.3, the Protective Order in this case prohibits petitioner's counsel from releasing

---

[1] Because the filing is unclassified, the Court need not consider whether the information is material to petitioner's case. See Al Odah v. United States, 559 F.3d 539, 547 ("[A]lthough a finding of materiality is a prerequisite to ordering disclosure of classified information, it is not a prerequisite to ordering disclosure of an unclassified substitution.").

the filing, or any information contained therein, to the public, the Moroccan government or courts, or even to petitioner's own client because the government has designated the ex parte filing as protected.  See Protective Order ¶¶ 34-35 [Dkt. No. 107] ("Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following: a. petitioner's counsel, . . . and b. the Court and its support personnel.").  Petitioner's counsel also possess security clearances and previously have accessed protected information in this case under the same restrictions.  The Court therefore is satisfied that disclosure of this protected information will cause no significant harm to the government's interests.  Petitioner's counsel are admonished that the information has been designated as protected by the government and therefore is subject to the Protective Order in this case and protected from disclosure.

For the foregoing reasons, it is hereby

ORDERED that petitioner's motion to compel disclosure of the government's ex parte, in camera submission [Dkt. No. 407] is GRANTED.  The government is directed to disclose the submission to petitioner's counsel on or before February 3, 2016.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  February 1, 2016               United States District Court