UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
YOUNOUS CHEKKOURI,                      )
                                        )
        Petitioner,                     )
                                        )
    v.                                  )    Civil Action No. 05-0329 (PLF)
                                        )
BARACK H. OBAMA, et al.,                )
                                        )
        Respondents.                    )
_____  )


MEMORANDUM OPINION

On September 17, 2015, the United States government notified the Court that it had released petitioner Younous Chekkouri from the United States Naval Base in Guantanamo Bay and transferred him to the exclusive control of the Government of Morocco. Since that time, petitioner has been detained — now on house arrest — in Morocco pending a decision by Moroccan authorities on whether to file charges against petitioner. The United States moved to dismiss this case on November 25, 2015, arguing that petitioner's habeas corpus petition now is moot because petitioner is no longer in the custody of the United States government.[1] Because this Court agrees that the case is now moot, it will dismiss this case and, with that dismissal, deny all of petitioner's pending motions as moot.

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition

_____

[1] A redacted version of this motion was filed on the public docket on December 2, 2015 [Dkt. No. 401].

*and* that his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, [Section] 2 of the Constitution." Qassim v. Bush, 466 F.3d 1073, 1078 (D.C. Cir. 2006) (quoting Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004) (emphasis in original)).  Petitioner thus bears the burden of demonstrating "some concrete and continuing injury other than the now-ended incarceration — that is, a collateral consequence of his conviction — in order to avoid mootness." Rimi v. Obama, 50 F. Supp. 3d 52, 58 (D.D.C. 2014) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)) (internal quotation marks omitted).  As the court of appeals repeatedly has emphasized, "[a] former detainee . . . must . . . make an actual showing his prior detention or continued designation burdens him with 'concrete injuries.'" Gul v. Obama, 652 F.3d 12, 17 (D.C. Cir. 2011) (quoting Spencer v. Kemna, 523 U.S. at 14).[2]

It is undisputed that petitioner is no longer in the custody of the United States government.  Petitioner asserts that this case is not yet moot because the discovery he seeks regarding the government's negotiations and agreement with Morocco as to petitioner's transfer "is highly exculpatory" and "would surely be highly persuasive" to the judge presiding over petitioner's case in Morocco.  Petitioner's Reply to Respondents' Opposition to Petitioner's Motion for Jurisdictional Discovery and Cross-Motion to Dismiss at 3 [Dkt. No. 400].  The case-or-controversy requirement, however, requires that petitioner's injury must be "traceable [to the respondent]" or "likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. at 7 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).  Petitioner's speculation as to what a foreign judge may or may not do with evidence that may or may not

---

[2]   The court of appeals has assumed, without deciding, that the collateral consequences doctrine applies to former Guantanamo detainees. Gul v. Obama, 652 F.3d at 17.

exist is irrelevant — "[c]ollateral consequences of prior detention are not redressable if the injuries are 'totally dependent upon the actions of a nonparty sovereign authority beyond the control of this Court.'" In re Petitioners Seeking Habeas Corpus Relief in Relation to Prior Detentions at Guantanamo Bay, 700 F. Supp. 2d 119, 132 (D.D.C. 2010) (quoting Al Joudi v. Bush, 2008 WL 821884, at *1 (D.D.C. Mar. 26, 2008)); see also Al Hajji v. Obama, 2009 WL 4251108, at *2 (D.D.C. Nov. 23, 2009) ("collateral consequences that are 'based on the discretionary decisions of' someone other than respondents, alone, effectively renders [a] case moot") (quoting Spencer v. Kemna, 523 U.S. at 13).  Even if the Court were to grant petitioner's petition for a writ of habeas corpus or order jurisdictional discovery, such a ruling would not preclude the Government of Morocco from continuing to detain petitioner.

Because this Court has no jurisdiction over a judge in Morocco and is barred "from issuing a writ of habeas corpus to shield a detainee from prosecution and detention by another sovereign according to its laws," this case is moot and dismissal is required.  Kiyemba v. Obama, 561 F.3d 509, 515 (D.C. Cir. 2009); see also id. ("It is a longstanding principle of our jurisprudence that '[t]he jurisdiction of [a] nation, within its territory, is necessarily exclusive and absolute.'") (quoting Schooner Exch. V. McFaddon, 11 U.S. (7 Cranch) 116, 136 (1812)).

For the foregoing reasons, the Court will grant the government's motion to dismiss on grounds of mootness and will dismiss this action for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

DATE: July 29, 2016

_/s/_____
PAUL L. FRIEDMAN
United States District Court